NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO GARCIA, | No. 21-15995 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00048-SPL-MTM |
| v. | |
| DAVID SHINN, Director, ADOC Director; CENTURION MANAGED CARE, Corporate Office; S. WRIGHT, NP, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 11, 2022[**]

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Arizona state prisoner Alfonso Garcia appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging an Eighth Amendment

claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Garcia's action because Garcia failed to allege facts sufficient to state a plausible claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference"); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

All pending motions and requests are denied.

**AFFIRMED.**